## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

_____

Fredy Olivar and Jovany Olivar    :
    :
v.    :
    :
Nebyat Shewaye, Woodland Coffee  :
& Tea, LLC d/b/a B-Natural Café    :
    :    September 8, 2017
    Defendants    :
    :

_____

## COMPLAINT

1.    Defendants employed Fredy Olivar and Jovany Olivar as café staff in their two boutique, organic-themed cafés in New Haven. Plaintiffs worked more than forty hours per week but were never paid an overtime premium, despite the requirements of the Fair Labor Standards Act of 1938, ("FLSA"), 29 U.S.C. Sec. 201, et. seq. Plaintiffs bring this action to recover unpaid wages and liquidated damages owed to him.

## JURISDICTION AND VENUE

2.    This court has jurisdiction over this controversy pursuant to 29 U.S.C. Sec. 216(b) 28 U.S. Secs. 1331, 1337, and 1343.

3.    Venue is appropriate pursuant to 28 U.S.C. Sec. 1391(b) because the events giving rise to this complaint occurred within this judicial district.

## THE PARTIES

4.    Plaintiff Fredy Olivar is a resident of Connecticut who worked for Defendants from September 4, 2015 to February 16, 2017.

5.      Plaintiff Jovany Olivar is a resident of Connecticut who worked for Defendants from January 14, 2014 to January 3, 2017.

6.      Defendant Woodland Coffee and Tea, LLC d/b/a B-Natural Café ("B Natural") is a domestic corporation registered in Connecticut with a business address of 97 Orange Street, New Haven, CT 06510.

7.      Defendant Nebyat Shewaye is a registered agent of B Natural and had the power to hire, fire, pay, schedule, discipline, and supervise B Natural employees, including Fredy and Jovany Olivar. Defendant Shewaye exercised these powers over Plaintiffs. For example, Mr. Shewaye negotiated hourly pay with Plaintiffs, set their work schedules, assigned specific responsibilities, and issued their pay.

## FACTS

8.      Defendants hired Fredy Olivar on September 4, 2015 to prepare food and beverages for customers.

9.      Defendants paid Plantiffs an hourly rate, but no overtime premium for hours over 40 in a week.

10.      Each week between September 4, 2015 and February 16, 2017, Fredy Olivar worked more than forty hours per workweek.

11.      Defendants never paid Fredy Olivar an overtime premium for any week of work.

12.      Fredy Olivar typically worked about 55 hours per week for approximately 74 weeks.

13.      For example, Fredy Olivar worked 55.25 hours during the week of September 12, 2015 through September 19, 2015.

14.     During his employment, Fredy was paid at a starting rate of $11 per hour which increased to $12 per hour.

15.     In total, Defendants owe Fredy Olivar about $6,200.

16.     Defendants hired Jovany Olivar on January 14, 2014 to prepare food and beverages for customers.

17.     For each week of Jovany Olivar's employment, he worked more than forty hours per workweek.

18.     Defendants never paid Jovany Olivar an overtime premium for any week of work.

19.     Jovany Olivar typically worked about sixty hours per week for the first 18 months of his employment.

20.     For the following six months of employment, Jovany Olivar earned a fixed salary of $600 weekly which did not include an overtime premium even though he was working at least fifty-four hours per week.

21.     Jovany Olivar worked about fifty hours per week for the last six months of his employment.

22.     For an extended period of his employment, Jovany Olivar was told not to record his hours worked in the defendants' system.

22.     In total, Defendants owe Jovany Olivar approximately $13,702.

## COUNT ONE – FAIR LABOR STANDARDS ACT
### (Overtime)

21.     By the conduct described above, Defendants violated Plaintiffs' right to be paid an overtime premium consistent with the provisions of the Fair Labor Standards Act, 29 U.S.C. Sec. 201, et. seq.

22.     Defendants' conduct as described above was in willful violation of the Plaintiffs' rights pursuant to the Fair Labor Standards Act, 29 U.S.C. Sec. 201, et. seq. As a result of the Defendants' unlawful conduct, Plaintiffs suffered a loss of compensation from employment that is due and owing to them.

## COUNT TWO - CONNECTICUT GENERAL STATUTES § 31-58, et seq. (Overtime)

23.     By the conduct described above, the Defendants have denied the Plaintiff overtime wages in violation of Connecticut General Statutes § 31-60a and § 31-76c.

24.     By the conduct described above, the Defendants' violations of Connecticut General Statutes were in bad faith, arbitrary, and/or unreasonable.

25.     As a result of the Defendants' unlawful conduct, the Plaintiff has suffered a loss of compensation from employment that is due and owing to him.

## PRAYER FOR RELIEF

WHEREFORE the Plaintiffs pray that the Court award them:

1.  All compensation due and owing to them by the Defendants;

2.  Liquidated damages in equal amounts to their unpaid overtime wages, pursuant to 29 U.S.C. Sec. 216(b);

3.  Plaintiff's costs and reasonable attorney's fees pursuant to 29 U.S.C. Sec. 216(b);

4.  Such other legal or equitable relief as the Court may deem just.

THE PLAINTIFFS

By:     _/s/_____
        James Bhandary-Alexander
        ct28135

New Haven Legal Assistance Assoc.
426 State Street
New Haven, CT 06510
(203) 946-4811
(203) 498-9271 fax
Email: jbhandary-alexander@nhlegal.org
Their Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2017, a copy of the foregoing Complaint was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

/s/ James Bhandary-Alexander